IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Robert T. Samuel, III, | ) | Civil Action No. 2:18-cv-2715-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| United States Secret Service, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 23) recommending the Court dismiss Plaintiff's Complaint. For the reasons set forth below, the Court adopts the R & R, and the Complaint is dismissed without prejudice.

I. **Background**

Plaintiff brought this action under 5 U.S.C. § 552, the Freedom of Information Act (FOIA). (Dkt. No. 1.) On February 28, 2019, the Defendant filed a motion for summary judgment. (Dkt. No. 20.) On March 1, 2019, the Magistrate Judge issued a *Roseboro* Order, instructing Plaintiff to respond to Defendant's motion within thirty-one (31) days. (Dkt. No. 21.) Plaintiff was advised that if he failed to file a properly supported response, the Defendant's motion may be granted. (*Id.*) Plaintiff, however, failed to file any response or otherwise contact the Court. The Magistrate Judge filed a R & R recommending the Court dismiss the case. (Dkt. No. 23.) Plaintiff has failed to respond to the motion, file objections to the R & R, or contact the Court in any way.

II. **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This

1

Court must make a *de novo* determination of those portions of the R & R to which Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff did not file objections, and the R & R is reviewed for clear error.

### III. Discussion

Plaintiff has not responded to any motions or orders, or otherwise contacted the Court since December 28, 2018. (Dkt. No. 16.) Plaintiff's failure to respond to the *Roseboro* Order, which instructed him to respond to Defendant's motion and that the case may be dismissed if he did not do so, indicates an intent not to prosecute this case. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to prosecute or to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal appropriate when accompanied by a warning). Therefore, the Complaint is subject to dismissal.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 23) and the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 2, 2019
Charleston, South Carolina

2